**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONNIE B. BRIGHT,** | ) | |
| **ID # 2032296,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-01703-L (BH)** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

## I.  BACKGROUND

Ronnie B. Bright (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

Petitioner was convicted of aggravated assault in Cause No. F13-62237 in the 363rd Judicial District Court of Dallas County, Texas, on October 29, 2015, and he was sentenced to 5 years' imprisonment.  (*See* doc. 3 at 2[1]); *see* www.dallascounty.org (search for petitioner).  The judgment was affirmed on appeal.  *See Bright v. State*, No. 05-15-CR-01468-CR, 2016 WL 5637320 (Tex. App. – Dallas Sept. 29, 2016).  He did not file a petition for discretionary review.  (*See* doc. 3 at 2);

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*see* www.txcourts.gov (search for petitioner).  He filed a state habeas application that was received in the state district court on November 7, 2017, and denied on June 6, 2018.  *See Ex parte Bright*, WR-88,464-01 (Tex. Crim. App. June 6, 2018).

Petitioner's federal habeas petition states that it was placed in the prison mail on June 22, 2018.  (*See* doc. 3 at 10.)  It claims that (1) he is actually innocent; (2) there was prosecutorial misconduct; and (3) he received ineffective assistance of counsel.  (*See* doc. 3 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

### A.     Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

2

presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2]  Because he did not file a petition for discretionary review with the Court of Criminal Appeals, his state conviction became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review).  The appellate court opinion was issued on September 29, 2016.  The thirtieth day after that was October 29, 2016.  That day was a Saturday, so the last day to file a petition for discretionary review was Monday, October 31, 2016.  *See* Tex. R. App. P. 4.1.  Petitioner therefore had until October 31, 2017, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*"  28 U.S.C. § 2244(d)(2) (emphasis added).  Petitioner's state habeas application was signed and deemed mailed on October 30, 2017, and it was denied on June 6, 2018.  *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).  The

---

[2]  He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

limitations period was tolled for 220 days while the state application was pending, making his federal petition due no later than June 8, 2018. Petitioner filed his § 2254 petition on June 22, 2018, the date that it was mailed.[3] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

## C.    <u>Equitable Tolling</u>

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher*

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

*v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. Petitioner mailed his state habeas application on October 30, 2017, only one day before the end of the one-year limitations period. He has not shown that he was diligent in filing his state habeas application, so he is not entitled to any equitable tolling. *See Schmitt v. Zeller*, 354 F. App'x 950, 952 (5th Cir. 2009) (petitioner not diligent by leaving only two months to file a § 2254 petition after state habeas proceedings concluded); *Hudson v. Quarterman*, 332 F. App'x 209, 210 (5th Cir. 2009) (petitioner not diligent where eleven and one-half months of the limitations period elapsed before he filed his state habeas application). He has failed to meet his burden to show that he is entitled to equitable tolling of the federal statute of limitations.

## D.    **Actual Innocence**

Petitioner contends that he is actually innocent. In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 386, 399. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 399-400.

"[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd v. Vannoy*, No. 17-30421, 2018 WL 1663749 at *6-7 (5th Cir. Apr. 6, 2018).

Petitioner has not presented a claim of actual innocence based on new evidence, so he has not shown that the untimeliness of his federal petition should be excused. *See id*.; *Henderson v. Stephens*, 2014 WL 1600621 at *4 (S.D. Tex. Apr. 21, 2014) (untimeliness of petition not excused where petitioner did not present evidence to support his allegation of new evidence of innocence). Petitioner has not shown that he is entitled to equitable tolling.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 8th day of August, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7